UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>NATALIE M. RUCKMAN, et al.<br><br>Defendant(s). | Case No. 2:18-CV-1470 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Genworth Life and Annuity Insurance Company's ("GLAIC") motion to dismiss. (ECF No. 18). Defendant Natalie M. Ruckman ("Ruckman") did not file a response and the time to do so has passed.

Also before the court is GLAIC's motion for default judgment. (ECF Nos. 34, 35).

Also before the court is Ruckman's motion for leave to file an amended answer. (ECF No. 36). GLAIC has not filed a response and the time to do so has passed.

**I.     Facts**

The instant case arises from competing claims to Eric J. Ruckman's ("the decedent") $200,000 life insurance policy ("the policy"). (ECF No. 10). GLAIC filed the instant complaint in interpleader under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1). *Id*. The complaint contains the following allegations:

GLAIC issued a life insurance policy with a $200,000 death benefit to the decedent on April 19, 2000. *Id*. At the time of issuance, the decedent designated his wife, Ruckman, as the beneficiary. *Id*. On or about January 12, 2010, the decedent and Ruckman separated. *Id*. The final divorce decree did not address the disposition of the policy. *Id*.

On July 14, 2016, the decedent died in Las Vegas, Nevada. *Id*. On August 21, 2016, Ruckman presented to GLAIC a claim for the death benefit and an accompanying death certificate. *Id*. Ruckman asserted that she was the rightful beneficiary of the policy despite the Nevada divorce revocation statute. *Id*.

On August 8, 2018, GLAIC initiated the instant action in interpleader pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. (ECF No. 1). In its complaint, GLAIC named Ruckman and the estate of Eric J. Ruckman ("the estate") as defendants. (ECF No. 10).

On October 1, 2018, Ruckman filed an answer and counterclaim to GLAIC's complaint. (ECF No. 14). On October 22, 2018, GLAIC filed a motion to dismiss Ruckman's counterclaims. (ECF No. 18).

On November 29, 2018, GLAIC moved for clerk's entry of default against the estate. (ECF No. 30). The next day, the clerk entered default. (ECF No. 31). On December 3, 2018, an affidavit was filed with the court in which the decedent's daughter states that the decedent intended to give his death benefit to Ruckman. (ECF No. 32).

Now, GLAIC moves for default judgment against the estate. (ECF Nos. 34, 35). Further, Ruckman requests the court's leave to file an amended complaint that excludes the counterclaims that GLAIC contests in its motion to dismiss. (ECF No. 36).

**II.     Legal Standard**

*a. Leave to amend*

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

James C. Mahan
U.S. District Judge

- 2 -

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

   *b. Default judgment*

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

**III. Discussion**

Before the court are three motions. First, the court will grant Ruckman's motion for leave and deny as moot GLAIC's motion to dismiss. Second, the court will enter default judgment against the estate.

   *a. Leave to amend*

Ruckman requests leave to file an amended answer that excludes various defenses and two counterclaims that GLAIC is moving to dismiss. (ECF No. 36).

Allowing Ruckman to proceed on her amended answer is consistent with Rule 15(a)'s liberal policy in favor of allowing amendments to pleadings. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Ruckman's willingness to voluntarily exclude counterclaims and defenses that are unlikely to succeed shows good faith and strongly weighs against futility of the amendment. *Foman*, 371 U.S. at 182. Lastly, the amendment will not prejudice GLAIC as it will narrow the legal issues in this case and resolve the arguments GLAIC raises in its motion to dismiss.

Accordingly, the court will grant Ruckman's motion for leave to file an amended answer and deny as moot GLAIC's motion to dismiss.

*b. Default judgment*

GLAIC has already complied with Rule 55(a) by obtaining the clerk's entry of default against the estate. (ECF No. 1). Now, in accordance with Rule 55(b), GLAIC moves for default judgment against the estate. (ECF Nos. 34, 35).

After considering the *Eitel* factors, the court finds good cause to grant GLAIC's motion for default judgment. GLAIC will be prejudiced if default judgment is not entered as it will be left without any legal remedy to establish its superior claim to title. *See Eitel*, 782 F.2d at 1471–72. The court also acknowledges that Ruckman has filed an answer which adequately alleges that she has a valid claim to the death benefit and the decedent's daughter supports her claim. (ECF Nos. 14, 32, 38).

Because the estate has not appeared in this action, material facts are not in dispute. *See id*. Lastly, there is no indication on the record that the estates' default was due to excusable neglect. *See id*. Although public policy generally favors disposition on the merits, default judgment is appropriate in light of the remaining *Eitel* factors. Therefore, the court will grant GLAIC's motion for default judgment.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that GLAIC's motion to dismiss (ECF No. 18) be, and the same hereby is, DENIED as moot.

1 | IT IS FURTHER ORDERED that GLAIC's motion for default judgment (ECF Nos. 34, 35) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Ruckman's motion for leave to file an amended answer (ECF No. 36) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter default judgment against the estate of Eric J. Ruckman.

DATED March 28, 2019.

_____
UNITED STATES DISTRICT JUDGE