# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>NATALIE M. RUCKMAN, et al.<br><br>Defendant(s). | Case No. 2:18-CV-1470 JCM (VCF)<br><br>ORDER |

Presently before the court is the matter of *Genworth Life and Annuity Ins. Co. v. Ruckman et al.*, case number 2:18-cv-01470-JCM-VCF.

On November 22, 2019, the court entered an order denying plaintiff Genworth Life and Annuity Insurance Company's ("Genworth") motion for attorney's fees, granting Genworth's motion for final discharge, and denying Natalie Ruckman's motion for summary judgment. (ECF No. 66). The court further ordered that "[t]he court clerk is hereby ordered to pay the $212,959.93 death benefit deposited with the court on February 13, 2019 (ECF No. 46) to the estate of Eric J. Ruckman." *Id*. The court did not address disbursement of the interest that has accrued on the death benefit since its deposit with the court.

Pursuant to Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 65(a). The rule further states that "[t]he court may do so on motion or on its own, with or without notice." FED. R. CIV. P. 65(a).

The difference between "'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter

**James C. Mahan**
**U.S. District Judge**

consist of instances where the court changes its mind." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).

There is no question that the court originally intended to order payment of the death benefit, including interest accrued thereon, to the estate of Eric J. Ruckman. Because an award of interest does not deviate from the court's original intention, Rule 60(a) is the appropriate vehicle to correct its order. Therefore, to effectuate disbursement of the death benefit, the court's November 22, 2019 order (ECF No. 66) is corrected to order the clerk to disburse to the estate of Eric J. Ruckman all interest that has accrued on the $212,959.93 death benefit since its deposit with the court on February 13, 2019.

Accordingly,

IT IS SO ORDERED.

DATED December 6, 2019.

_____
UNITED STATES DISTRICT JUDGE